# BOTTINI & BOTTINI, INC.

Francis A. Bottini, Jr.                                                                 writer's direct: 858.926. 2610
                                                                                         fbottini@bottinilaw.com

June 4, 2014

**BY FIRST CLASS MAIL**

The Honorable Leonard P. Stark
United States District Court
   for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Room 6124
Wilmington, DE 19801

      Re:   *KBC Asset Management NV v. McNamara*,
             C.A. No. 13-1854-LPS (D. Del.)

Dear Judge Stark:

      On behalf of Mildred A. North, who is the plaintiff in the related action *North v. McNamara*, No. 13-cv-0833-MRB (S.D. Ohio) (Barrett, J.), we write in response to defendants' June 2, 2014 letter. As an initial matter, we respectfully disagree with defendants' argument that Plaintiff North's action is pending in an improper venue. Ohio is where Nominal Defendant Chemed Corporation ("Chemed") is headquartered, where at least four individual defendants reside, and where a substantial portion of the alleged misconduct at issue in this litigation occurred. In addition, the related securities-fraud class action[1] has proceeded in the Southern District of Ohio for over two years and remains pending there.

      The decision of whether to transfer Plaintiff North's action to the District of Delaware is currently pending before the Honorable Michael R. Barrett. We believe that the venue-selection clause in Chemed's bylaws is unenforceable under federal law,[2] because Chemed unilaterally amended its bylaws without shareholder approval.[3] Moreover, we believe that defendants have failed to carry their burden to establish why Plaintiff North's choice of venue should be overridden based on the public and private

---

[1] *In re Chemed Corp. Sec. Litig.*, No. 12-cv-0028-MRB (S.D. Ohio).

[2] *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("in [a] diversity suit, the enforceability of the forum selection clause is governed by federal law").

[3] Plaintiff North's position finds support in the two – and only two – federal cases in which the enforceability of similar venue-selection clauses were ever litigated. *See Galaviz v. Berg*, 763 F. Supp. 2d 1170, 1173 (N.D. Cal. 2011) (refusing to enforce a venue-selection provision adopted through unilateral bylaw amendment for lack of mutual assent); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 459-63 (S.D.N.Y. 2013) (same).

The Honorable Leonard P. Stark
June 4, 2014
Page 2

factors contemplated in 28 U.S.C. § 1404(a). We expect that Judge Barrett will rule on defendants' motion to transfer venue fairly soon.

In the event that Judge Barrett grants defendants' motion, however, we agree with defendants that *North* should be assigned to this Court. If that happens, we intend to move to consolidate *North* with *KBC* and, upon consolidation, file a consolidated complaint. Because of the possibility that a consolidated complaint may supersede the current complaint in *KBC* pending before Your Honor, we submit that it may be a waste of judicial resources for this Court to rule on the legal sufficiency of a complaint that may well not end up being the operative complaint.[4]

Respectfully yours,

Francis A. Bottini, Jr.
for BOTTINI & BOTTINI, INC.

cc:  P. Bradford deLeeuw, Esq.
    Jessica Zeldin, Esq.
    Gregg S. Levin, Esq.
    William S. Norton, Esq.
    Joshua C. Littlejohn, Esq.
    Michael A. Paskin, Esq.
    Timothy G. Cameron, Esq.
    Brian S. Sullivan, Esq.
    Richard L. Horwitz, Esq.
    Peter J. Walsh, Jr., Esq.

---

[4] In our own *North* action, in order to conserve judicial resources and promote the process we think is most reasonable, we have agreed to temporarily stay the briefing of an F.R.C.P. 23.1 motion pending Judge Barrett's decision on defendants' motion to transfer venue. We have also proposed to the parties in *KBC* to seek a similar temporary stay before this Court. Rejecting our proposal, however, the parties in *KBC* completed the briefing of defendants' F.R.C.P. 23.1 motion pending before this Court.