## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KBC ASSET MANAGEMENT NV, derivatively  :
on behalf of CHEMED CORPORATION,     :
                                   :
       Plaintiff,                 :
                                   :
    v.                        :       Civil Action No. 13-1854-LPS-CJB
                                   :
KEVIN J. MCNAMARA, et. al.,      :
                                   :
       Defendants          :
                                   :
   and                         :
                                   :
CHEMED CORPORATION, a Delaware   :
corporation,                         :
       Nominal Defendant.     :

### MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 49-page Report and Recommendations

("Report") (D.I. 46), dated December 23, 2015, recommending that Defendants' Motion to

Dismiss ("Motion") (D.I. 12) be granted with one opportunity for leave to amend;

WHEREAS, on January 1, 2016, Plaintiff objected to the Report ("Objections") (D.I. 47),

arguing that the Report misapplied the standards for pleading (1) a *Caremark* claim and

(2) actual knowledge;

WHEREAS, on January 28, 2016, Defendants responded to the Objections (D.I. 48),

arguing that the Report (1) correctly applied both standards, (2) correctly concluded that Plaintiff

failed to allege knowledge, directly or inferentially, and (3) that Plaintiff's Complaint should be

dismissed with prejudice and without leave to amend;

WHEREAS on April 27, 2016, the Court heard oral argument on the Motion and

1

Objections;

WHEREAS, the Court has considered Defendant's Motion *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.      Plaintiff's Objections are OVERRULED, Judge Burke's Report is ADOPTED, Defendants' Motion (D.I. 12) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice to its opportunity to file an amended Complaint.

2.      The Report correctly states and applies the *Caremark* "should have known" standard, which requires a complainant not only to point to "red flags" the Board *could have seen*, but also to state a basis for inferring that the Board *did see* those red flags. *See, e.g. David B. Shaev Profit Sharing Account v. Armstrong*, 2006 WL 391931, at *5 (Del. Ch. Feb. 13, 2006), *aff'd*, 911 A.2d 802 (Del. 2006). As the Report describes in detail, the Complaint alleges a number of bad facts, but fails to provide a basis for inferring that the requisite number of Board members were aware of the alleged red flags at the time demand was required. (D.I. 46 at 25-44) Although the discussion of the alleged "red flags" and reasons for the allegations' insufficiency are included in a portion of the Report entitled "Plaintiffs Failed to Sufficiently Demonstrate the Board's *Actual Knowledge*" (*id*. at 25 (emphasis added)), the Report explains that the Complaint relies on the same factual allegations as a basis for *both* its claim that the Board *knew* of the alleged misconduct *and* its claim that the Board *should have known* of it. (*Id*. at 25 and 46) In other words, Plaintiff's position is that these same facts gave the Board actual knowledge of the misconduct or at least were "red flags" upon which the Board had a duty to act. Either way, the

2

Plaintiff's demand futility argument hinges on the Board having been aware of the bad facts. Since the Report correctly finds that the Complaint does not allege with particularity that the Board was aware of them,[1] Judge Burke was correct to conclude that Plaintiffs' pleadings are insufficient.

3.      Further, and contrary to Plaintiff's Objections, the Report specifically recognizes that actual knowledge may be pled inferentially. (*See* D.I. 46 at 25 and 44) The Report explains in detail why Plaintiff's factual allegations, individually and collectively, fail to provide a basis for a reasonable inference that the Board knew of the alleged misconduct. (*Id.* at 25-45) Given the Report's detailed analysis, the Court finds it unnecessary to further address Plaintiff's Objections on this point.

4.      IT IS FURTHER ORDERED that (1) Plaintiff shall, if it chooses, file within thirty (30) days of the date of this Order an amended complaint that addresses the deficiencies of its duty of loyalty claim, as described in the Report;[2] and (2) failure to do so shall result in dismissal with prejudice.

May 12, 2016                                          HONORABLE LEONARD P. STARK
Wilmington, Delaware                                 UNITED STATES DISTRICT JUDGE

---

[1]The Parties disagree about whether Plaintiffs needed to allege facts sufficient to provide a basis for inferring that an actual *majority* of the board members had knowledge of the bad facts, or whether, given that there were an even number of board members, knowledge by precisely half of the board members would have been sufficient. Given the deficiencies in Plaintiff's pleadings, the Court need not decide this dispute.

[2]Defendants oppose amendment, asking that dismissal be with prejudice. The Court is not convinced that amendment would cause undue prejudice or would be futile; allowing one opportunity for amendment is appropriate.